UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAIAH KENNEDY,

    Plaintiff,

v.                                        CASE NO. 8:23-cv-913-KKM-SPF

CARMAX INC. and LEXIS NEXIS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and Plaintiff's request to proceed *in forma pauperis* (Doc. 2), Plaintiff's motion should be denied and the Complaint dismissed.

    **I.    BACKGROUND**

Plaintiff filed form Pro Se 1, Complaint in a Civil Case, alleging causes of action against Defendants Carmax and Lexis Nexis for "frivolous contracting and misrepresentation and forgery." (Doc. 1 at 4). Under the heading "If the Basis for Jurisdiction Is a Federal Question" Plaintiff lists 15 U.S.C. § 1635, 15 U.S.C. § 1692, and 15 U.S.C. § 1605 (*Id.* at 3), citations which correspond to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602 *et seq.* Although his "Statement of Claim" is bare bones, Plaintiff contends: "Carmax did not disclose my right to rescind my contract,

misrepresented and took a cash down payment from me in a credit transaction." (Doc. 1 at 4). As for Defendant Lexis Nexis, Plaintiff says it "reported information that was not mine and continued to supply the credit bureaus with negative incorrect information, identity theft." (*Id.*). His damages are "high interest rates[,] emotional distress[,] not able to get lines of credit and negative effect on my reporting." (*Id.*).

## II. STANDARD

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person cannot pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*,

2

574 F. App'x at 917. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307.

Additionally, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015)[1]. Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

> rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

### III.   DISCUSSION

Upon review of Plaintiff's filings, it appears he is financially eligible to proceed *in forma pauperis* (Docs. 1, 2). But the Court recommends dismissal of Plaintiff's Complaint. Although this Court construes *pro se* filings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), Plaintiff fails to state a claim upon which relief may be granted.

To state a claim under FDCPA, Plaintiff must allege: "(1) the plaintiff has been the object of a collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Meyer v. Fay Servicing, LLC*, 385 F.Supp.3d 1235, 1243 (M.D. Fla. 2019) (citation and quotations omitted). Here, Plaintiff does not allege

facts that plausibly show these elements. His allegations are sparse and vague, and the complaint "totally omits any factual content that would enable the Court] to infer that [defendants qualify] as [ ] debt collector[s]." *Kurtzman v. Nationstar Mortg., LLC*, 709 F. App'x 655, 659 (11th Cir. 2017) ("conclusory, formulaic recitation of the statutory language" is insufficient); *see also* 15 U.S.C. § 1692a(6) (defining debt collector). Plaintiff "must plead factual content that allows the court to draw the reasonable inference that [defendants are] 'debt collector[s]' under the FDCPA." *Clark v. Carvana*, No. 1:21-cv-1113-AT-RGC, 2021 WL 2478570, at *2 (N.D. Ga. Apr. 28, 2001) (citations and quotations omitted).

Also, in the complaint "are simply no facts related to debt collection activity," and the "complaint does not identify or attach any communication from [d]efendant[s] to [him]." *Daniels v. Select Portfolio Servs., Inc.*, No. 8:18-cv-1652-T-30CPT, 2018 WL7291702, at *2 (M.D. Fla. Oct. 5, 2018). While Plaintiff purports to assert a cause of action under FDCPA, his "complaint does not identify a single specific provision of the FDCPA that defendants allegedly violated." *Clark*, 2021 WL 2478570, at *2 (citation and quotations omitted); *see also Harrison v. MidFirst Bank, FSB*, No. 1:13-cv-2111-RWS-JCF, 2014 WL 12858106, at *3 (N.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, 2014 WL 12858107, at *1 (N.D. Ga. May 20, 2014) (dismissing plaintiff's FDCPA claim due in part to plaintiff's failure to identify which section of the FDCPA defendants allegedly violated). Instead, he cites 15 U.S.C. § 1692, titled "Congressional findings and declaration of purpose." Plaintiff has not alleged sufficient facts to state a plausible FDCPA claim.

Turning to what the Court construes as Plaintiff's TILA count (he cites 15 U.S.C. §§ 1605 and 1635), Plaintiff alleges Carmax took "a cash down payment from me in a credit transaction." (Doc. 1 at 4). "TILA is a consumer protection statute" enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *Bazemore v. U.S. Bank, N.A.*, 167 F.Supp.3d 1346, 1357-58 (N.D. Ga. 2016), *aff'd*, 692 F. App'x 986 (11th Cir. 2017) (quoting 15 U.S.C. § 1601(a)). "Among other things, TILA requires creditors to provide borrowers with certain disclosures regarding finance charges, interest rates, and borrower's rights," and if "a creditor fails to make a required disclosure, the borrower may sue for statutory and actual damages within one year of the violation." *Id.* at 1358. (citations omitted).

According to Plaintiff, Carmax failed to provide him notice of his right to rescind (Doc. 1 at 4). But TILA only provides that right as to certain transactions "in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit was extended[.]" 15 U.S.C. § 1635(a). Plaintiff appears to base his TILA claim on a credit transaction for the purchase of an automobile. Plaintiff does not allege that the transaction involved a security interest in his home. So, Plaintiff does not allege a right to rescission that would have required disclosure. Also, as for Plaintiff's allegation under 15 U.S.C. § 1605 that Defendants took cash in a consumer credit transaction, Plaintiff does not (1) allege a finance charge was involved, or (2) elaborate on his claim or provide any supporting facts. *See Cilien v. U.S.*

6

*Bank Nat'l Ass'n*, No. 1:15-cv-4207-ODE-JCF, 2016 WL 11581796, at *4 n.8 (N.D. Ga. Aug. 5, 2016), *aff'd*, 687 F. App'x 789 (11th Cir. 2017) (concluding that because plaintiff had "failed to plead facts which support[ed] her [TILA] claim, [this] necessitate[d] dismissal"). Plaintiff fails to state a claim under TILA.

Finally, Plaintiff appears to allege Defendant Lexis Nexis committed identity theft (Doc. 1 at 4,). But the federal identity theft statutes, 18 U.S.C. § 1028 and 18 U.S.C. § 1028A, are criminal statutes; they provide no civil cause of action or civil remedy. *See Riga v. Benezette*, No. 6:12-cv-414-Orl-19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012). Plaintiff cannot state a claim for identity theft. *See Otero v. United States Attorney General*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").

Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, *see Tannenbaum*, 148 F.3d at 1263, *pro se* parties still must comply with minimum pleading standards in the Federal Rules of Civil Procedure and this Court's Local Rules. *See Grew v. Hopper*, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008). Because Plaintiff does not do so, the undersigned recommends Plaintiff's complaint be dismissed without prejudice and Plaintiff be allowed to file an amended complaint setting forth the basis for the Court's jurisdiction and factual allegations establishing a claim for relief. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

It is **RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3. Plaintiff be allowed to file an amended complaint that sets forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum and to file a renewed request to proceed *in forma pauperis*.

4. Plaintiff be advised that failure to file an amended complaint may result in dismissal of this case without prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on May 15, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.